IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MICHAEL LAVERNE THOMAS,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| vs. | ) Case No. CIV-07-361-M |
| | ) |
| **MARTY SIRMONS, Warden,** | ) |
| | ) |
| **Respondent.** | ) |

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. Pursuant to an order of United States District Judge Vicki Miles-LaGrange, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the petition has been promptly examined, and for the reasons stated herein, it is recommended that the petition be dismissed upon filing.

By this action, Petitioner challenges his February 11, 2005, conviction by a jury for attempted robbery in the first degree, after former conviction of two or more felonies, for which he was sentenced to twenty years imprisonment. Case No. CF-04-4168, District Court of Oklahoma County. Petition, p. 1; Order Denying Application for Post-Conviction Relief Post Conviction Findings, p. 2 (attached to Petition); Oklahoma State Courts Network, Oklahoma County Docket No. CF-2004-4168, p. 5-6. Petitioner waived his right to direct appeal. Order Denying Application for Post-Conviction Relief Post Conviction Findings, p. 2; Oklahoma State Courts Network, Oklahoma County Docket No. CF-2004-4168, p. 6. On February 7, 2006, Petitioner filed an application for post-conviction relief

seeking an appeal out of time, and the state district court denied his request on March 13, 2006. Order Denying Application for Post-Conviction Relief Post Conviction Findings, p. 1, 3; Oklahoma State Courts Network, Oklahoma County Docket No. CF-2004-4168, p. 8. Petitioner appealed from this denial, but on July 5, 2006, the Oklahoma Court of Criminal Appeals entered an order affirming the denial of post-conviction relief. Case No. PC-2006-396, Oklahoma Court of Criminal Appeals (attached to Petition). Petitioner filed a petition for a writ of certiorari with the United States Supreme Court on August 30, 2006, and that petition was denied on February 20, 2007. Thomas v. State, No. 06-8071 (S.Ct. Feb. 20, 2007).

## I. THE SCREENING REQUIREMENT

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is under an obligation to review habeas petitions promptly and to summarily dismiss a petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief. . . ." Furthermore, the United States Supreme Court has held that a statute of limitations defense is not jurisdictional, and that "district courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition." Day v. McDonough, 547 U.S. 198, 126 S.Ct. 1675, 1684 (2006). When raising the issue sua sponte, the district court must "assure itself that the petitioner is not significantly prejudiced ... and determine whether the interests of justice would be better served by addressing the merits" of the petition. Id.; Thomas v. Ulibarri, No. 06-2195, 2007 WL 259695, at *1 n. 1 (10th Cir. Jan. 31, 2007).[1] Also, "before acting on its own

---

[1] This and any other unpublished disposition are cited herein as persuasive authority pursuant to Tenth Circuit Rule 32.1.

initiative, a court must accord the parties fair notice and an opportunity to present their positions." Day, 126 S.Ct. at 1684.

Petitioner has an opportunity to be heard on this matter by filing a timely objection to this Report and Recommendation. Berry v. Ray, No. CIV-06-0856-HE, 2006 WL 3523764, at *2 (W.D. Okla. Dec 06, 2006) (district court adopted recommendation for dismissal of petition as untimely where magistrate judge raised limitations issue sua sponte, and noted no due process problem in light of opportunity to object prior to adoption), appeal dismissed, No. 06-6375, 2007 WL 1068117 (10th Cir. Apr. 11, 2007) (denying certificate of appealability as "no jurists of reason would find it debatable whether the district court was correct in its procedural ruling"); cf. Smith v. Dorsey, No. 93-2229, 1994 WL 396069 (10th Cir. July 29, 1994) (finding "no due process problem" where magistrate judge raised issue of procedural bar sua sponte and petitioner had opportunity to object to report and recommendation prior to district court's adoption thereof).

Further, the undersigned has reviewed the petition and the materials Petitioner has attached to it, as well as the docket sheets available online as part of the public record of proceedings in Petitioner's cases before the state district court, the Oklahoma Court of Criminal Appeals, and the United States Supreme Court. Based upon those materials, the undersigned finds that Petitioner will not be significantly prejudiced by a sua sponte determination regarding the timeliness issue, as all of the relevant dates are a matter of public record, making the date of final conviction and the application of statutory tolling apparent. In addition, the form petition specifically states in question 18, entitled

3

TIMELINESS OF PETITION: "If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*"[2] Petitioner left the eighteen lines provided for his response blank, which is further indication that there is no additional information that would shed light on the timeliness issue. Furthermore, the undersigned finds that it is not necessary in the interests of justice to address the merits of his petition – the decisions of both the state district court and the Oklahoma Court of Criminal Appeals contain detailed factual recitations allowing a "peek" at the merits – revealing a counseled Petitioner who signed numerous waivers before a trial judge who was able to observe him over the course of a three-day jury trial.

## II. THE AEDPA LIMITATIONS PERIOD

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) sets forth a one-year period of limitations for habeas petitioners who are in state custody. The statute provides in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[2]The material asterisked at the foot of the form is a quotation of the § 2244(d) limitations provision.

4

>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). As a general rule, the period of limitation under this statute runs from the date the judgment became "final" as provided by § 2244(d)(1)(A), unless a petitioner alleges facts that would implicate the provisions set forth in § 2244(d)(1)(B), (C), or (D) above. Preston v. Gibson, 234 F. 3d 1118, 1120 (10th Cir. 2000). Petitioner has not provided the Court with any basis to apply the provisions of § 2244(d)(1)(B)(C) or (D), and so the undersigned will consider the timeliness of the petition under § 2244 (d)(1)(A).

The record in the case reveals that Petitioner was convicted and sentenced on February 11, 2005. Case No. CF-04-4168, District Court of Oklahoma County. Petition, p. 1; Order Denying Application for Post-Conviction Relief Post Conviction Findings, p. 2 (attached to Petition); Oklahoma State Courts Network, Oklahoma County Docket No. CF-2004-4168, p. 5-6. He waived his appeal, and thus pursuant to Rule 2.1, Rules of the Oklahoma Court of Criminal Appeals, his conviction became final ten days later on February 21, 2005. Order Denying Application for Post-Conviction Relief Post Conviction Findings, p. 2; Oklahoma State Courts Network, Oklahoma County Docket No. CF-2004-4168, p. 6. Accordingly, the deadline under 28 U.S.C. § 2244(d)(1)(A) for filing a habeas corpus petition in federal court was Tuesday, February 21, 2006. Malone v. State, Nos. 03-6246, 03-6175, 2004 WL 1249850, at *1 (10th Cir. June 8, 2004) (the one year

limitation period should be calculated using anniversary date method, citing United States v. Hurst, 322 F.3d 1256, 1260-61 (10th Cir. 2003)).  Accordingly, this action – filed on March 26, 2007  – was filed well beyond the AEDPA limitation period, and in the absence of statutory or equitable tolling, is untimely.

## III. STATUTORY TOLLING

However, federal law provides that the limitations period is tolled for the time in which a "properly filed application for State post-conviction or other collateral review" is pending.  28 U.S.C. § 2244(d)(2); Habteselassie v. Novak, 209 F.3d 1208, 1210-11 (10th Cir. 2000); see also Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999) (the time tolled includes all periods during which a prisoner is attempting, through proper use of state court procedures, to exhaust state post-conviction remedies).   Petitioner's application for state post-conviction relief, seeking an appeal out of time, was filed on February 7, 2006, with 14 days left in the one-year statutory period.  That application was denied on March 13, 2006, and Petitioner's appeal from that order was finally concluded on July 5, 2006, when the Oklahoma Court of Criminal Appeals affirmed the district court's order.  Order Denying Application for Post-Conviction Relief Post Conviction Findings, p. 1, 3; Oklahoma State Courts Network, Oklahoma County Docket No. CF-2004-4168, p. 8; Case No. PC-2006-396, Oklahoma Court of Criminal Appeals (attached to Petition). The one-year statutory period began to run again on July 5, 2006, and expired on July 19, 2006.[3]  Case No. PC-2006-396, Oklahoma Court of Criminal Appeals

---

[3] Although Petitioner also petitioned for a writ of certiorari to the United States Supreme Court following the Oklahoma Court of Criminal Appeals' order, there is no additional tolling for that time period. Locke v. Saffle  237 F.3d 1269, 1272 n. 2 (10th Cir. 2001) ("if a person has been denied relief in a state post-conviction or other collateral proceeding, and the person then seeks review of that decision before the

(attached to Petition). Thus, even with statutory tolling, the petition now before the Court was filed 250 days after the limitation period established by § 2244(d)(1) had expired.

## IV. EQUITABLE TOLLING

The period of limitation also "may be subject to equitable tolling" under circumstances where application of the period of limitation would possibly render the habeas remedy "inadequate and ineffective." Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). However, equitable tolling is limited to "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). To justify equitable tolling, the petitioner must "demonstrate[] that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). It is Petitioner who has the burden of demonstrating that equitable tolling applies. Cooper v. Bravo, No. 00-2462, 2002 WL 32716 at *4 (10th Cir. Jan. 11, 2002) (citing Miller). In this case, there is no reason indicated for Petitioner's significant delay in filing either his state post-conviction application, or the 250-day delay in filing the habeas corpus action in this Court after the Oklahoma Court of Criminal Appeals affirmed the state district court's order refusing to recommend an appeal out of time. As noted above, Petitioner left blank that portion of the form petition that specifically requested information regarding timeliness. See Petition, p. 14.

Even if Petitioner could show rare and extraordinary circumstances justifying equitable tolling of the limitation period, he must also demonstrate that he has diligently

---

United States Supreme Court, the limitation period does not toll during the time the person seeks review from the United States Supreme Court").

pursued his federal claims. Gibson, 232 F.3d at 808; Marsh, 223 F.3d at 1220. "[T]his Circuit has generally declined to apply equitable tolling when it is facially clear from the timing of the state and federal petitions that the petitioner did not diligently pursue his federal claims." Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003). Here, Petitioner waited until only two weeks before the one-year limitations period expired to bring his state post-conviction application, and then did not seek federal habeas corpus relief until 250 days after his appeal from that proceeding was concluded. In light of the foregoing, the undersigned finds that application of the doctrine of equitable tolling is not appropriate here.

## V. CHALLENGE TO POST-CONVICTION PROCEDURES

The undersigned also notes that to the extent Petitioner's first ground for relief challenges the state courts' decision to deny his request for an appeal out of time, it fails to state a claim for federal habeas relief. The Tenth Circuit Court of Appeals has held that an attempt by a habeas petitioner to challenge state "post-conviction procedures on their face and as applied to him would fail to state a federal constitutional claim cognizable in a federal habeas proceeding." Steele v. Young, 11 F.3d 1518, 1521, 1524 (10th Cir. 1993); see also Sellers v. Ward, 135 F.3d 1333, 1339 (10th Cir. 1998) (holding that an alleged deprivation of due process based on the state appellate court's refusal to grant post-conviction review was not cognizable on federal habeas corpus "because the constitutional error he raises focuses only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration"); Graves v. Boone, No. 99-7013, 1999 WL 1079626 *2 (10th Cir. Nov. 30, 1999) ("Mr. Graves' challenges to

Oklahoma's post- conviction procedures do not amount to federal constitutional claims in a federal habeas action.") (citing Steele). Therefore, to the extent Petitioner is challenging Oklahoma's post-conviction procedures in Ground One, that ground fails to state a claim for the deprivation of a federal constitutional right and should be summarily dismissed on filing on that basis as well.

## **RECOMMENDATION**

Based on the foregoing findings, it is recommended that the petition for a writ of habeas corpus be dismissed on filing. Petitioner's Motion for Extension of Time [Doc. No. 8] is denied as moot, and his Motion to Dismiss Motion for Extension of Time [Doc. No. 9] is granted.[4] Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before July 5, 2007, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Petitioner is further advised that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all the issues referred to the undersigned Magistrate Judge in the captioned matter. The Clerk of Court is directed to transmit a copy of this Report and Recommendation through electronic mail

---

[4] Petitioner had earlier submitted an application for an extension of time to file his petition pending payment of the required filing fee [Doc. No. 8], however, after the fee was paid, Petitioner moved to withdraw that motion [Doc. No. 9].

to the Attorney General of the State of Oklahoma on behalf of the Respondent at the following address: fhc.docket@oag.

ENTERED this 14th day of June, 2007.

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE